UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:24-CR-12-KKC

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                    **MEMORANDUM ADDRESSING**
                      **UNRESOLVED GUIDELINE OBJECTION**

EDWARD C. RAMEY                                                              DEFENDANT

\* \* \* \* \*

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objection to the Presentence Investigation Report ("PSR") that affects the guideline calculation.[1] As discussed in more detail below, it is the position of the United States that a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1) applies to Ramey. Ramey's objection to the contrary should be overruled.[2]

## STANDARD

As is known to this Court, "[a]t sentencing, the court….must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or

---

[1] To the extent that a hearing is necessary to resolve a factual dispute relevant to the resolution of the objection, the United States would intend to call FBI Task Force Officer Zach Bryson (who was present at the search of Ramey's residence) and/or Jessica Copeland (Forensic Scientist Specialist II at the KSP lab who test fired the relevant firearm). However, as discussed herein, the position of the United States is that the uncontested facts of the PSR satisfy the initial burden on the United States and the burden now rests on the Defendant to show clear improbability that the firearm was connected to his drug offense.
[2] The United States Probation Office agreed with Ramey's objection to the criminal history score and incorporated that change into the final report. The United States does not oppose that modification.

determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing….." Fed. R. Crim. P. 32(i)(3)(B).  In resolving a disputed portion of the PSR, "[t]he court may not blindly accept the PSR, but '[w]hen a defendant fails to produce any evidence to contradict the facts set forth in the PSR, a district court is entitled to rely on those facts when sentencing the defendant.'" *United States v. Poulsen*, 655 F.3d 492, 513 (6th Cir. 2011) (citing *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir.2007).  "The government's burden is triggered when the defendant 'produce[s] some evidence that calls the reliability or correctness of the alleged facts into question' that is more than a 'bare denial.'" *Id*. *United States v. Lang*, 333 F.3d 678, 681 (6th Cir.2003).

"Sentencing judges may engage in judicial fact-finding and consider evidence under a preponderance of the evidence standard." *United States v. Shannon*, 803 F.3d 778, 788 (6th Cir. 2015) (internal citation omitted).  "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3; *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) ("[A] judge may appropriately conduct

2

an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.").

## ARGUMENT

1. ***Ramey possessed a firearm in connection with his drug trafficking conduct.***

Pursuant to U.S.S.G. §2 D1.1(b)(1), the sentence for a drug offense should be enhanced by two levels "if a dangerous weapon (including a firearm) was possessed." U.S.S.G. §2D1.1(b)(1). This enhancement "reflects the increased danger of violence when drug traffickers possess weapons." *Id*. at Application Note 11. Further, "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id*.

A two-part, burden-shifting test is used to determine whether a U.S.S.G. § 2D1.1(b)(1) enhancement applies. In order for the government to satisfy the first prong of the test and shift the burden to the defendant, "[t]he government must prove by a preponderance of the evidence that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense. *United States v. Johnson*, 344 F.3d 562, 565 (6th Cir. 2003) (internal quotation marks omitted) (citing *United States v. Pruitt*, 156 F.3d 638, 649 (6th Cir. 1998). "There is no need for the government to demonstrate the connection between the firearm and the crime to shift the burden." *See United States v. Pryor*, 842 F.3d 441, 453 (6th Cir. 2016) (citing *United States v. Dixon*, 262 Fed.Appx. 706, 711 (6th Cir. 2008); *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir. 1991) ("The government does not have to produce any further evidence establishing a connection between the weapon and the offense for § 2D1.1(b)(1)

3

enhancement to be appropriate."), abrogated on other grounds by *United States v. Jackson–Randolph*, 282 F.3d 369 (6th Cir. 2002)).

In his plea agreement, Ramey admitted to possessing with the intent to distribute 500 grams or more of methamphetamine on June 18, 2024, and he admitted to the following facts:

> (a) On June 17, 2024, law enforcement used a confidential informant to make a controlled purchase of over one ounce of methamphetamine from the Defendant at his residence in Johnson County, in the Eastern District of Kentucky.
>
> (b) On June 18, 2024, law enforcement executed a search warrant at the Defendant's residence in Johnson County. During the search, law enforcement located and seized over 700 grams of a methamphetamine mixture. The Defendant possessed this methamphetamine and intended to distribute it. During the search, law enforcement also located $2,059 in United States currency.

[R. 33 at 2]. The PSR adds that, at the time of the search of Ramey's residence on June 18, 2024, "Ramey informed detectives there was a .22 caliber pistol in a box under the couch." [PSR Paragraph 8]. In the same living room, around the couch and coffee table, law enforcement located methamphetamine and a digital scale. [PSR Paragraph 8].

These facts (which Ramey does not appear to contest in his objection) clearly show that Ramey possessed a firearm on the same date that he committed the instant offense. As a result, the United States has met his burden on the first prong of the test governing the application of U.S.S.G. §2D1.1(b)(1)

"Once it has been established by the government that a defendant was in possession of a firearm, the burden shifts to the defendant to establish that 'it is clearly improbable that the weapon was connected to the offense.'" *Id*. (quoting U.S.S.G. §

4

2D1.1, comment. (n.3)); *See United States v. Johnson*, 344 F.3d 562, 567 (6th Cir. 2003) ("We emphasize that the 'clearly improbable' standard is a difficult burden to meet in the first instance at sentencing."). To aid courts in considering whether the enhancement applies, the Sixth Circuit has provided the following six factors, none of which is independently controlling:

> (1) the type of firearm involved; (2) the accessibility of the weapon to the defendant; (3) the presence of ammunition; (4) the proximity of the weapon to illicit drugs, proceeds, or paraphernalia; (5) the defendant's evidence concerning the use of the weapon; and (6) whether the defendant was actually engaged in drug-trafficking, rather than mere manufacturing or possession.

*United States v. Greeno*, 679 F.3d 510, 514 (6th Cir. 2012) (citations omitted). The United States Sentencing Guidelines provide the example that, "the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet." U.S.S.G. §2D1.1(b)(1), Application Note 11.

This is the portion of the enhancement to which Ramey appears to basing his argument. Ramey argues that, "the firearm was purchased solely for decorative purposes and was not operable during his possession of the item." [PSR Objection Letter]. Ramey adds that he, "had no intention of using the item as a firearm or other weapon or in a threating manner and had never done so." [PSR Objection Letter]. In other words, Ramey appears to be attempting to clear the high hurdle of showing that it is clearly improbable that the firearm was connected to the offense.

The burden is on Ramey to make this showing. However, the current record does not suggest he will be able to do so. First, the Kentucky State Police laboratory has tested the firearm (a photograph of which is attached hereto as Exhibit 1) and confirmed

5

that it did function. (Report of Examination attached hereto as Exhibit 1). Ramey's argument that the examiners manipulated the firearm so that it would fire does not explain what sort of manipulation he believes occurred or why, even if manipulation of the firearm did occur, a firearm that could be made to fire would not be useful to a drug trafficker or increase the danger of violence during his drug trafficking activity. It is unclear why a decorative firearm would be in a box under the couch in the living room. And while that location would be a curious one for displaying a decorative firearm, it is precisely where one would expect the firearm to be if it were drug-connected. That is to say, it was accessible to the defendant and found in close proximity to the location of the methamphetamine, which Ramey had been distributing. Not only do these facts and factors weigh against a showing of clear improbability that Ramey's firearm was connected to his drug trafficking offense, they preponderate in favor of a finding that the firearm was drug connected.

    Ramey's firearm possession under these circumstances undermine his safety valve eligibility. *See* U.S.S.G. §5C1.2 (requiring for safety valve relief that, "the defendant did not…possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense."). And even if the Court were to sustain Ramey's objection, Ramey has not yet satisfied the fifth prong of the safety valve. *See* U.S.S.G. §5C1.2 (requiring that, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."

## CONCLUSION

For the aforementioned reasons, it is the position of the United States that Edward Ramey possessed a firearm in connection with his drug trafficking activities. Therefore, Ramey's objection should be overruled.

Respectfully submitted,

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

By:    s/ *Andrew H. Trimble*           .
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 330-4838
Andrew.Trimble@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2025, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ *Andrew H. Trimble*
Assistant United States Attorney